Opinion of the Court, by
Judge Logan.
Wells, who was the complainant in the court below, exhibited his bill in chancery, to coerce from the appellant the title at law to certain land, asserting the better right to the same under the following location, made in *222 the certificate of the county court of Henderson, to wit:
“December county court, 1802—Thomas Stokes this day claimed 400 acres of land, on account of settling the same agreeably to the several acts of assembly for settling and improving the vacant lands of this commonwealth, lying on the east fork of Deer creek, beginning at Toliver Timmon’s corner at three black-oaks, to run to the best advantage, as the interfering claims will admit. Satisfactory proof being made to the court, they are of opinion that the said Thomas Stokes hath a right to a settlement of 400 acres of land, to include the above location.”
By the act of 1800 for settling and improving the vacant lands of this commonwealth, the power is given to the county courts to grant certificates for settlement rights to those entitled thereto under the said act, including the settlement; and in the certificate, the law required that a special location should be given, describing, as accurately as may be, the land contemplated.
In the case before the court, the locator, so far from giving a special location, describing the land intended with reasonable accuracy, seems rather to have reserved the right to run it as vaguely as whim or fancy, inclination or interest might suggest. It is, in truth, as if he had called to begin at a point, and to run any and every way he pleased for quality. The location is therefore vague, and the decree of the circuit court is erroneous, and must be reversed with costs.